L. NICHOLAS v. H. H. HESTER AND R. S. CRAWFORD.

JUDGMENT LIEN. The Act of Nov. 9th, 1866 (Pas. Dig., Art. 7005), gave a lien from the date of its passage, upon the land of the judgment debtor, liable to execution, situate in the county where the judgment was ren dered, if executions had issued upon it to prevent it from becoming dormant.

APPEAL from De Witt. Tried below before the Hon. D. D. Claiborne.

*H. Clay Pleasants*, for appellant, cited 1 Kent, 514; Butler v. Dunnigan, 19 Tex., 565.

*W. R. Friend*, for appellee.

Roberts, C. J.    R. S. Crawford bought one hundred acres of land from H. H. Hester in 1868, when there was, and had been since 1860, a subsisting judgment in the District Court of De Witt county against H. H. Hester in favor of Nicholas' intestate Edwin Bass, during all which time Hester had owned said land as part of a larger tract.    The judgment had not been recorded in the Clerk's office of said county for the purpose of securing a lien in accordance with the Act of 1860, which was in force when the judgment was rendered. In 1866 (9th Nov.) an act was passed which prescribed that " whenever final judgments shall be rendered by any court of " record of this State, such judgment shall be a lien on all real " estate of the judgment debtor situate in the county where the " judgment is rendered from the date of the judgment," etc., Pas. Dig., Art. 7005.

The question in this case is, does this statute have the effect of giving to Bass's judgment a lien from the date of the passage of the act in 1866, upon the land of Hester, then belonging to him, liable to execution and situated in the County of De-witt, where the judgment had been rendered in September, 1860, the same being a subsisting judgment upon which executions had been previously issued so as to prevent it from being dormant.

We are of opinion that it did.    This was directly decided in the case of Moore v. Letchford, and the elaborate arguments in the opinions of the court, and in the brief of counsel in that case supersede the necessity of any further discussion thereon. 35 Texas Reports, 185.

There is therefore error in the court below, in the ruling upon the exceptions of defendants, and in not granting a new trial.

Judgment reversed and cause remanded.

Reversed. and remanded.